UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAMONT WIGFALL,

    Petitioner,

v.                                                                      Case No. 2:08-cv-15
                                                                      HON. R. ALLAN EDGAR

LINDA M. METRISH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Lamont Wigfall filed this petition for writ of habeas corpus challenging the validity of his state court convictions for three counts of assault with a dangerous weapon, MCL § 750.82, two counts of malicious destruction of police property, MCL § 750.377b, and one count of receiving and concealing stolen property valued at $20,000 or more, MCL § 750.535(2)(a). Petitioner was convicted after a jury trial on September 30, 2005, and was sentenced on November 5, 2008 as a habitual offender, third offense, MCL § 769.11, to concurrent prison terms of 2-1/2 to 8 years on the first five counts, and 4 to 20 years on the last count. Petitioner appealed his convictions to the Michigan Court of Appeals, which affirmed his convictions on June 19, 2007. Petitioner's appeal was denied by the Michigan Supreme Court on August 13, 2007.

Petitioner filed this application for habeas corpus on January 16, 2008 and has raised the following two issues in his petition:

    I.    Petitioner was deprived of Sixth Amendment right to effective assistance of counsel, when at trial defense counsel failed to present petitioner's alibi defense, did not request DNA analysis of evidence,

and solicited testimony from a fingerprint expert that proved to the jury, in all likelihood, that the petitioner had a prior criminal record.

II. Petitioner was unconstitutionally deprived of due process right to a fair trial when the trial court abused its discretion and allowed the prosecution to improperly impeach the credibility of Petitioner's witness in violation of Michigan Rule of Evidence (MRE) 609.

Petitioner maintains that his convictions were obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the

Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the

presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

In order to prevail on his first habeas claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938,(1989) (*citing Strickland v. Washington*, 466 U.S. 668, 688-96 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions

might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

Petitioner argues that trial counsel's failure to produce five listed witnesses to support petitioner's alibi defense at trial deprived him of effective assistance of counsel. The Michigan Court of Appeals disposed of this claim based on the merits.

> Alibi testimony is "'testimony offered for the sole purpose of placing the defendant elsewhere than at the scene of the crime.'" *People v McGinnis*, 402 Mich. 343, 345; 262 N.W.2d 669 (1978), quoting *People v Watkins*, 54 Mich. App. 576, 580; 221 N.W.2d 437 (1974). At trial, defendant testified that he was with Tiffany Killebrew at Killebrew's mother's house at the time of the crimes. Accordingly, defendant presented alibi testimony and an alibi defense. However, the five men listed on defendant's notice of alibi were not actual alibi witnesses. The five men had no knowledge of defendant's whereabouts at the time of the crimes. They could only testify as to Shontay Edwards's alleged confession to the crimes for which defendant was charged. Accordingly, defendant's argument that he received ineffective assistance of counsel because counsel failed to support his alibi defense by not calling his five alibi witnesses is without merit. Defendant has not established that counsel's decision not to call the witnesses listed on his alibi notice deprived him of a substantial defense. *People v. Daniel,* 207 Mich. App. 47, 58; 523 N.W.2d 830 (1994).

As noted by the Michigan Court of Appeals, counsel's use of the alibi defense was adequately supported at trial, and would not have been enhanced by witnesses who were not actually alibi witnesses. Because the five witnesses did not actually establish petitioner's alibi at the time of the alleged crime, there is no reasonable probability that the trial court would have found petitioner not guilty, but for counsel's failure to call the five witnesses. Therefore, the petitioner's argument of ineffective assistance of counsel based on counsel's failure to present alibi witnesses should be dismissed.

Petitioner also bases his ineffective assistance of counsel claim on defense counsel's failure to have a piece of evidence found at the crime scene tested for DNA. Petitioner contends that counsel should have known of the existence of a "do-rag" recovered at the crime scene, and that if counsel had had this piece of evidence tested for DNA analysis, the DNA would have cleared the petitioner of the charges. Petitioner claims that this failure to introduce the evidence was not a sound trial strategy. However, the Michigan Court of Appeals found that counsel's failure to test the evidence for DNA was not an issue of trial strategy, but was caused by the prosecution's failure to provide complete discovery to defense counsel before the start of the trial.

> While the lower court file does not contain a discovery request made by defense counsel, the record indicates that counsel did, in fact, request discovery. After the prosecutor moved to admit photographs of the damaged police vehicles, counsel objected, arguing that she had made a request for discovery and that the photographs had not been provided timely to her. Further, while discussing defendant's request that the "do-rag" be submitted for DNA testing, counsel, on two occasions, informed the trial court that the prosecution had failed to provide her with complete discovery before the start of defendant's trial. It is, therefore, not apparent from the record that counsel's failure to know of the existence of the "do-rag" was the result of her deficient performance, rather than from the prosecution's failure to provide complete discovery. Because defendant has not demonstrated that counsel's performance fell below an objective standard of reasonableness, defendant has not established that he is entitled to relief on his claim of ineffective assistance of counsel. *People v. Mack*, 265 Mich. App. 122, 129; 695 N.W. 2d 342 (2005).

Under AEDPA, state court rulings are entitled to extreme deference and a presumption of correctness. The petitioner does not offer clear and convincing evidence of counsel's ineffectiveness in failing to have the do-rag tested for DNA evidence, but merely reiterates in the instant petition the issues raised in the state court appeals which were already decided. Because evidence offered does not contradict the Michigan Court of Appeals' findings on this issue, and because a review of the record does not show that petitioner's constitutional rights have been

violated by the decision made by the Michigan Court of Appeals, the undersigned concludes that the holding of the Michigan Court of Appeals is supported by the lower court record and is not contrary to federal law. In addition, this finding does not unreasonably apply clearly established law, nor is it based on an unreasonable determination of the facts in light of the evidence presented.

Petitioner's third ineffective assistance of counsel claim argues that counsel's decision to cross-examine a fingerprint expert led to testimony that provided a basis for the jury to find the petitioner guilty. At trial, defense counsel cross-examined a fingerprint expert, William Wolz, who testified that over 90 percent of the fingerprints found in the State of Michigan AFIS database were from individuals who had been previously arrested. Petitioner argues that this testimony reinforced the notion of petitioner's guilt in the minds of the jury. Petitioner suggests that this solicited testimony was not a sound trial tactic, but rather an unreasonable and prejudicial mistake on the part of counsel. However, the Michigan Court of Appeals did not find that counsel's line of questioning, even if it did not constitute a reasonable exercise of trial tactics, unfairly prejudiced petitioner at trial.

> Even if we were to conclude that counsel's cross-examination of Wolz fell below an objective standard of reasonableness where she elicited the challenged testimony, defendant cannot show that, but for counsel's deficient performance, the result of his proceedings would have been different. *Mack*, *supra* at 129. Defendant himself testified that, on May 16, 2004, the day before the crimes occurred, he offered to drive the Expedition while Edwards smoked marijuana. Defendant indicated that he did so because he was on probation and was not supposed to be around Edwards and others. Thus, while Wolz's testimony may have allowed the jury to infer that defendant had an arrest record, defendant testified that he, in fact, had a criminal record. Accordingly, defendant has failed to establish that counsel's cross-examination of Wolz denied him effective assistance of counsel.

A review of the lower court record supports the Michigan Court of Appeals ruling on this claim. Because the petitioner was not actually prejudiced by the testimony elicited by his counsel from Wolz, he was not deprived of his constitutional right to effective assistance of counsel under *Strickland*. Therefore, it is the opinion of the undersigned that petitioner cannot support his ineffective assistance of counsel claim.

The petitioner's second habeas claim alleges that the trial court abused its discretion by allowing the prosecution to impeach one of petitioner's witnesses in violation of Michigan Rules of Evidence 609. Petitioner claims a deprivation of his due process right to a fair trial. However, respondent correctly argues that petitioner's claim is procedurally defaulted, because petitioner did not properly preserve his evidentiary objection at trial. In considering petitioner's initial appeal on these grounds, the Michigan Court of Appeals held that petitioner had not properly raised the objection:

> Defendant finally argues that the trial court, pursuant to MRE 609, erred in allowing the prosecutor to impeach Larry Jones with his pending charges of attempted carjacking and assault with intent to rob while armed. Defendant objected to the challenged cross-examination of Jones, but he argued that the cross-examination was irrelevant, rather than improper impeachment. Because an objection based on one ground is insufficient to preserve an appellate attack based on a different ground, *People v Stimage*, 202 Mich. App. 28, 30; 507 N.W.2d 778 (1993), the issue is unpreserved.

Under Michigan law, failing to raise an objection at trial is independent and adequate grounds to bar that issue during further proceedings. *People v. Callon*, 256 Mich. App. 312, 329, 662 N.W.2d 501 (2003); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (1994). When a state procedure bars a claim, and later state courts "clearly and expressly" relied on that bar, a procedural default has occurred. *Harris v. Reed*, 489 U.S. 255, 263 (1989).

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (*citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord*. *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 (2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (*citing Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

In the instant claim, all four factors in the *Buell* test of procedural default have been met. The record reflects that (1) the petitioner did not comply with the applicable state rule, Michigan Rules of Evidence 609, when he failed to bring proper objection; (2) the Michigan Court of Appeals enforced this rule in their review of the trial court's discretion; (3) this default is an

"independent and adequate" ground for the court to foreclose on review of federal constitutional claims; and (4) petitioner has not exhibited good cause for his procedural error, nor has he shown that the error has actually prejudiced his ability to obtain relief. Therefore, in the opinion of the undersigned, petitioner has procedurally defaulted on this claim.

"[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas corpus review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006); *citing Coleman v. Thompson*, 501 U.S. 772, 749 (1991). In his petition, petitioner does not give any reasons for failing to raise his evidentiary objection at trial, nor does he show that he would be likely to succeed on this claim even if it were not procedurally barred. He merely reiterates the same arguments alleging abuse of discretion by the trial court that were made to the Michigan Court of Appeals. Even though petitioner's claim was already procedurally barred on his state appeal, the Michigan Court of Appeals addressed the merits of the due process claim and upheld the trial court's discretion. The court held that petitioner's claim based on MRE 609 was without merit:

> Under MRE 609, pending charges may not be used to impeach a witness. *People v. Hall*, 174 Mich. App. 686, 690; 436 N.W.2d 446 (1989). However, MRE 609 does not apply to past arrests that do not result in convictions or pending charges to show a witness's interest in testifying. *People v. Layher*, 464 Mich. 756, 771; 631 NW2d 281 (2001); *Hall*, *supra* at 690-691. In this case, the prosecutor did not introduce evidence of Jones's pending charges to impeach Jones's credibility. Rather, the prosecutor introduced evidence of the pending charges to bring out his Jones's interest in testifying on defendant's behalf. Because Edwards had pointed Jones out as the perpetrator of the unrelated attempted carjacking and assault with intent to rob while armed, Jones had a motive for testifying that Edwards, rather

> than defendant, committed the crimes for which defendant was on trial. Accordingly, the trial court did not plainly err in allowing the prosecutor to cross-examine Jones regarding his pending charges.

Therefore, even if petitioner's claim on this issue was not procedurally barred, he would not prevail on this claim because the state law was properly and fairly applied and no constitutional violations are raised by this issue. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, the undersigned concludes that petitioner's second claim for habeas relief is procedurally defaulted, and recommends that this Court dismiss this portion of the petition.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

<u>NOTICE TO PARTIES</u>: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)©; Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: June 15, 2010